# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00292-MR

| | |
|---|---|
| JAMES E. ARRINGTON, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ERIK A. HOOKS, Secretary of ) <br> Department of Public Safety, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] and the Petitioner's September 7, 2020 letter to the Court, which asks the Court to appoint an attorney to represent the *pro se* Plaintiff. [Doc. 6 at 1].

## I. BACKGROUND

James E. Arrington ("the Petitioner") is a prisoner of the State of North Carolina. On September 14, 2015, the Petitioner pled guilty in Buncombe County Superior Court to one count of assault with a deadly weapon inflicting serious injury, one count of felony failure to appear, and one count of attaining the status of a habitual felon. The trial court sentenced the Petitioner to 96 to 128 months' imprisonment.

The Petitioner appealed to the North Carolina Court of Appeals on the grounds that the trial court erred by accepting his plea agreement because that agreement was based upon an invalid stipulation of law that resulted in an incorrect calculation of his prior record level. On August 1, 2017, the North Carolina Court of Appeals vacated the trial court's judgment and set aside the Petitioner's guilty plea, holding that the Petitioner improperly stipulated to a matter of "pure legal interpretation." State v. Arrington, 254 N.C. App. 781, 788, 803 S.E.2d 845, 849 (2017), rev'd, 371 N.C. 518, 819 S.E.2d 329 (2018).

The State filed an appeal with the North Carolina Supreme Court. On October 26, 2018, the North Carolina Supreme court reversed the North Carolina Court of Appeals and reinstated the judgment of the trial court. State v. Arrington, 371 N.C. 518, 527, 819 S.E.2d 329, 335 (2018).

On October 9, 2019, the Petitioner filed the present habeas petition in this Court, asserting that he received ineffective assistance of counsel and that the trial court erred in its classification of his prior murder conviction for the purpose of calculating his sentencing range. [Doc. 1 at 11-15]. On September 7, 2020, the Petitioner sent a letter to the Court requesting an update on his case and asking the Court to appoint counsel if appropriate. [Doc. 6].

## II. DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)); See also Cullen v. Pinholster, 563 U.S. 170, 180 (2011) (finding that a federal court may not consider new evidence in support of a claim, when that evidence has not been presented in support of the claim in state court). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In North Carolina, a petitioner may satisfy § 2254's exhaustion requirement by directly appealing his conviction and/or sentence to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme

Court for discretionary review, or by filing a post-conviction Motion for Appropriate Relief (MAR) in the trial court and then petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. § 7A–31; N.C. Gen. Stat. § 15A–1422. The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).

Based on the information submitted by the Petitioner and the state appellate court decisions, it does not appear that the Petitioner presented his ineffective assistance of counsel claim in his appeal to the North Carolina Court of Appeals or in his PDR to the North Carolina Supreme Court. Moreover, the Petitioner does not state that he asserted his ineffective assistance of counsel claim in an MAR in the Buncombe County Superior Court before he filed his habeas petition in this Court. As such, the Petitioner has not carried his burden to show that he exhausted his state court remedies on his claims before bringing the present habeas petition. See Breard, 134 F.3d at 619. Accordingly, the Court will dismiss the Petitioner's habeas petition without prejudice to re-filing upon proper exhaustion.

The Court will also deny the Petitioner's request for the appointment of counsel. [Doc. 6]. There is no constitutional right to counsel in Section 2254 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas

proceeding if it finds that "that the interests of justice so require." See also Rule 6(a) of the Rules Governing Section 2254 Proceedings (providing that the court may authorize discovery for good cause and appoint an attorney to assist in discovery). Because this matter will be dismissed due to the Petitioner's failure to exhaust his state remedies, the Court will deny the Petitioner's request to appoint counsel.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies;

(2) The Petitioner's request for appointment of counsel [Doc. 6] is **DENIED**; and

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED**.

Signed: October 3, 2020

Martin Reidinger
Chief United States District Judge